MATTER OF KNUDSEN

In Visa Petition Proceedings

A-2918489

*Decided by Regional Commissioner January 5, 1979*

A petitioner seeking to classify an H-2 beneficiary for the issuance of an immigrant visa under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6), must establish that the job in which the beneficiary will be employed differs from the one for which the H-2 petition by the same employer had been approved previously.

ON BEHALF OF PETITIONER: Leon Wildes, Esquire
515 Madison Avenue
New York, New York 10022

The petition was denied by the District Director, San Antonio, Texas, and is now considered on appeal.

The petitioning firm is engaged in the tanning and processing of sheepskins, employs 45-50 persons, and is one of four such firms left in the United States. The position offered to the beneficiary is that of Master Tanner-Dyer, a position which has been certified by the Department of Labor.

The petition was denied on the basis that the position previously had been accorded classification as a nonimmigrant temporary worker (H-2) position, and, therefore, it could not now qualify as being a permanent position.

On appeal, it is pointed out that the nature and duties of the position have changed since the entry of the beneficiary as a temporary worker, and, thus, the sixth-preference petition is approvable as being a permanent position.

Section 101(a)(15)(H) of the Act relates to:

"an alien having residence in a foreign country which he has no intention of abandoning (ii) who is coming temporarily to the United States to perform temporary services or labor, if unemployed persons capable of performing such services or labor cannot be found in this country...."

The beneficiary was previously accorded temporary worker classification for the same petitioner. The nonimmigrant petition reflects that

the temporary position offered was that of *Technical Consultant—*Master Tanner-Dyer, for a period of six months. The job to be performed was: *"to establish a sueded shearling and double face department and to train a specially designated employee* to carry on and direct this operation upon his departure . . . *Goal is to plan, design and establish a fully operational sueded shearling and double face department."* (Emphasis supplied.)

The position now offered to beneficiary, which has been certified by the Department of Labor, is that of Master Tanner-Dyer. The job to be performed is that of:

> "Using specialized knowledge in art of tanning, dyeing, and processing of sueded sheepskin, is responsible for face sheepskin department. Supervise processing and dyeing of wool side and then the processing finishing of leather side. Devise and adapt complicated chemical formulas as required depending upon quality and characteristics of the unprocessed sueded sheepskins and the desired finished product. Also will be involved in the purchase of equipment and machinery which is necessary depending upon contracts and job orders received."

A close comparison of the two position descriptions reflects that the job titles differ, and the beneficiary was originally brought to the petitioning company *"to plan, design, and establish a fully operational sueded shearling and double face department,"* whereas at present, the position description is completely different. According to the brief submitted on appeal, the purpose of the temporary position was accomplished; and what is now being petitioned for is a position requiring the services of the beneficiary on a day-to-day basis, for an indefinite period of time. (Emphasis supplied.)

It is evident that in these cases we must look beyond the fact that a temporary worker is petitioned for by his nonimmigrant petitioner on a permanent basis. Provision for this is found in Operations Instructions 204.4(b)(2), which states in part:

> "When the petitioner establishes that the beneficiary be employed in a job which differs from the one for which an H-2 petition by the same employer had previously been approved, *the new petition may be approved for sixth-preference classification if otherwise approvable."* (Emphasis supplied.)

The entire record in this case, including the material submitted on appeal, has been carefully considered. It is concluded that the sixth-preference position differs from the H-2 position which brought the beneficiary to the United States, and, therefore, the petition is approvable. However, it is noted that the labor certification presently requires the person filling the job being offered, must have had one year of training, and evidence of the required training and experience. The decision of the District Director will be withdrawn, and the matter remanded, to afford the petitioner an opportunity to satisfy the training and experience requirements of the labor certification. Thereafter,

if the requirements are satisfied, the petition will be approved.

ORDER: The decision of the District Director is withdrawn, and the matter is remanded for action in accordance with the foregoing.